ALLSTATE INSURANCE COMPANY v FICK

Docket No. 191640. Submitted July 1, 1997, at Lansing. Decided October 24, 1997, at 9:40 A.M.

Allstate Insurance Company brought an action in the Oakland Circuit Court against Nancy Kabalka and Donald L. Fick, the personal representative of the estate of Susan L. Fick, seeking a declaration regarding its duty under a homeowner's insurance policy to defend and indemnify Kabalka against an action brought by Donald L. Fick relating to Susan L. Fick's death after an adverse reaction to a prescription drug Kabalka had illegally made it possible for her to acquire. Kabalka, who was employed by a physician and normally relayed to pharmacists her employer's orders for prescriptions for patients, had telephoned a pharmacist and falsely represented that her employer had prescribed the drug to Susan Fick. Kabalka, upon pleading no contest, had sustained a misdemeanor conviction under MCL 333.17766; MSA 14.15(17766) for obtaining a prescription drug by falsely representing that she was acting on behalf of a lawful prescriber. The court, Hilda R. Gage, J., granted summary disposition for Allstate, ruling that Allstate was not obligated to defend or indemnify Kabalka because coverage under the policy was excluded under a provision that stated an exclusion for criminal acts by an insured. Donald L. Fick appealed.

The Court of Appeals *held*:

1. The policy at issue provided: "We do not cover bodily injury or property damage resulting from . . . a criminal act or omission[.] . . . This exclusion applies regardless of whether the Insured person is actually charged with, or convicted of, a crime." This exclusion is unambiguous insofar as it clearly precludes coverage for bodily injury resulting from a criminal act. There is no dispute that Kabalka's actions constituted a criminal act.

2. Given Kabalka's admission that she had engaged in a criminal act and the all-encompassing criminal acts exclusion at issue, she could not reasonably have expected coverage under these circumstances.

Affirmed.

INSURANCE — HOMEOWNER'S INSURANCE — LIABILITY COVERAGE — CRIMINAL ACTS EXCLUSION.

A criminal acts exclusion to liability coverage in a homeowner's insurance policy is clear and unambiguous where it provides that the insurer does not cover bodily injury or property damage resulting from a criminal act or omission and that the exclusion applies regardless of whether the insured is actually charged with, or convicted of, a crime.

*Garan, Lucow, Miller, Seward & Becker, P.C.* (by *Rosalind Rochkind* and *Roger A. Smith*), for Allstate Insurance Company.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Richard L. Groffsky*), for Donald L. Fick.

Before: HOOD, P.J., and MCDONALD and YOUNG, JJ.

YOUNG, J. In this declaratory action, defendant Donald L. Fick, personal representative of the estate of Susan L. Fick, appeals as of right from a circuit court order granting summary disposition in favor of plaintiff Allstate Insurance Company. The trial court determined that, on the basis of an exclusion contained in defendant Nancy Kabalka's homeowner's insurance policy, Allstate was not obligated to indemnify or defend Kabalka in the underlying tort action brought against her by defendant Fick.[1] We affirm.

I

The decedent, Susan Fick, was the live-in girlfriend of Nancy Kabalka's adult foster son, Ken Smolen, and had recently given birth. Kabalka was employed by an

---

[1] Kabalka has not appealed from the trial court's decision. Although defendant Fick is not a party to the insurance contract between Allstate and Kalbalka or a third-party beneficiary of that contract, it appears that Allstate has, by naming defendant Fick as a party in this declaratory action, conferred standing upon defendant Fick to contest the coverage question. See *Allstate Ins Co v Hayes*, 442 Mich 56, 67-70; 499 NW2d 743 (1993).

obstetrician-gynecologist as an office manager and was authorized to contact pharmacies and verify prescriptions that were issued by the doctor for his patients. However, Kabalka was not authorized to prescribe medications on her own or to obtain them without her employer's approval. At Fick and Smolens' request, Kabalka called a pharmacy, stated that she was calling from her employer's office, and ordered a nonexistent prescription for Parlodel.[2] The couple had requested that medication by name because Fick had used the drug following her two previous pregnancies. However, Fick was not a patient of Kabalka's employer. At the time Kabalka ordered the drug, her employer was out of town and had no knowledge of her actions. Fick apparently suffered an adverse reaction to the medication Kabalka obtained for her and died as a result.

Defendant Fick, as personal representative of Susan Fick's estate, brought suit against several defendants, including Kabalka. Consequently, Allstate filed this lawsuit seeking a declaration of its duty to defend and indemnify Kabalka under the homeowner's policy it issued to her. Allstate filed a motion for summary disposition on the ground that Kabalka's actions fell within the criminal acts exclusion of the policy. The trial court issued a written opinion and determined that summary disposition in favor of Allstate was warranted pursuant to MCR 2.116(C)(10). The trial court ruled that the policy unambiguously excluded from coverage harm resulting from criminal acts of an insured, regardless of whether the resulting

---

[2] Parlodel is a medication apparently prescribed to stop postdelivery lactation. Kabalka testified in her deposition that she understood only that Parlodel was a "dry-up medication."

harm was actually intended, and that Nancy Kabalka's actions fell within the exclusion.[3] We review the trial court's decision de novo. *Stehlik v Johnson (On Rehearing)*, 206 Mich App 83, 85; 520 NW2d 633 (1994).

## II

A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual basis underlying a plaintiff's claim. *Radtke v Everett*, 442 Mich 368, 374; 501 NW2d 155 (1993). MCR 2.116(C)(10) permits summary disposition when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." *Id.* Therefore, a court reviewing such a motion must consider the pleadings, affidavits, depositions, admissions, and any other admissible record evidence in favor of the party opposing the motion, granting the nonmoving party the benefit of any reasonable doubt, and determine whether there is a genuine issue of disputed material fact. *Id.*; *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994); *Marsh v Dep't of Civil Service (After Remand)*, 173 Mich App 72, 77-78; 433 NW2d 820 (1988).

### A. THE INSURANCE POLICY

The coverage provision of the homeowner's insurance policy at issue states: "*Allstate* will pay damages which an *Insured person* becomes legally obligated to pay because of *bodily injury* or *property damage* arising from an accident." (Emphasis in original).

---

[3] Kabalka was charged with, and pleaded nolo contendere to, violating MCL 333.17766(b); MSA 14.15(17766)(b), a misdemeanor.

However, the policy excepts from coverage injuries resulting from intentional acts or from criminal acts. The policy reads, in relevant part, as follows:

1. *We* do not cover *bodily injury* or *property damage* resulting from:

   a) an act or omission intended or expected to cause *bodily injury* or *property damage*. This exclusion applies even if the *bodily injury* or *property damage* is of a different kind or degree, or is sustained by a different person or property, than that intended or expected . . . .

\*     \*     \*

2. *We* do not cover *bodily injury* or *property damage* resulting from:

   a) a criminal act or omission . . . .

\*     \*     \*

This exclusion applies regardless of whether the *Insured person* is actually charged with, or convicted of, a crime. [Emphasis in original.]

On appeal, defendant Fick argues that the trial court erred in granting summary disposition to Allstate on the basis of the criminal acts exclusion.

### B. ANALYSIS

Although the policy provision at issue has never been interpreted by this Court, we need only apply the well-established principles of construction in order to do so in this case. We enforce an insurance policy according to its terms. *Upjohn Co v New Hampshire Ins Co*, 438 Mich 197, 207; 476 NW2d 392 (1991). An insurance company will not be held responsible for a risk that it did not assume. *Arco Industries Corp v American Motorists Ins Co*, 448 Mich 395, 402; 531 NW2d 168 (1995). However, it is

well recognized that an insurer's duty to defend is broader than its duty to indemnify. *Royce v Citizens Ins Co*, 219 Mich App 537, 542; 557 NW2d 144 (1996). In determining whether an insurer has a duty to defend its insured, we are required to look at the language of the insurance policy and construe its terms. *Id.* The insurer has a duty to defend if the underlying allegations even arguably come within the policy coverage. *Polkow v Citizens Ins Co of America,* 438 Mich 174, 180; 476 NW2d 382 (1991). If the policy is ambiguous, it will be construed in favor of the insured to require coverage. *Royce, supra* at 542-543. However, if the contract is unambiguous, we must enforce it as written. *Id.* at 543.

We find the criminal acts exclusion in this case to be unambiguous insofar as it clearly precludes coverage for bodily injury resulting from a criminal act. MCL 333.17766; MSA 14.15(17766) provides that a person who "[o]btains or attempts to obtain a prescription drug by falsely representing that he or she is a lawful prescriber, dispenser, or licensee, or *acting on behalf of a lawful prescriber*, dispenser, or licensee," is guilty of a misdemeanor. MCL 333.17766(b); MSA 14.15(17766)(b) (emphasis added).[4] Here, the undisputed facts reveal that Kabalka phoned in an unauthorized "prescription" for Parlodel, representing to the pharmacist that she was authorized to do so. However, Kabalka's employer had no knowledge of her actions. Because there is no dispute that

---

[4] Section 17766 also prohibits a person from "falsely mak[ing], utter[ing], publish[ing], pass[ing], alter[ing], or forg[ing] a prescription." MCL 333.17766(c); MSA 14.15(17766)(c).

Kabalka's actions constituted a criminal act,[5] the clear and unambiguous language of the insurance policy excepts her actions from coverage.

Contrary to defendant Fick's assertion, the term "criminal acts" is not ambiguous. Insurance policy language is given its ordinary and plain meaning. *Hosking v State Farm Mut Automobile Ins Co*, 198 Mich App 632, 633-634; 499 NW2d 436 (1993). Words are considered to be ambiguous when they may be understood in different ways. *Raska v Farm Bureau Mut Ins Co of Michigan*, 412 Mich 355, 362; 314 NW2d 440 (1982). *Random House Webster's College Dictionary* (1995) defines "crime" as "an action that is deemed injurious to the public welfare and is legally prohibited." *Id.* at 321. We do not see how a reasonable person could fail to appreciate that Kabalka's conduct in obtaining a prescription drug by falsely representing that she had the authority to do so constitutes a crime under this definition and our statute prohibiting this conduct. See, e.g., *Allstate Ins Co v Freeman*, 432 Mich 656, 686; 443 NW2d 734 (1989) (finding the term "criminal" in an insurance policy to be unambiguous).

Defendant Fick also maintains that, notwithstanding the criminal nature of Kabalka's actions, the policy is ambiguous because the resulting death was an "accident" and therefore included within the coverage grant of the policy. However, we agree with the statement of the Colorado Court of Appeals in *Allstate Ins Co v Juniel*, 931 P2d 511, 515 (Colo App, 1996), that a broad criminal acts exclusion like the one in this

---

[5] Indeed, Kabalka admitted in her response to Allstate's motion for summary disposition that her actions constituted a misdemeanor.

case "eliminates from coverage more than just intentional crimes or injuries intended or reasonably expected." From an objective standpoint, given Kabalka's admission that she engaged in a criminal act and the all-encompassing criminal acts exclusion at issue, we believe that the insured could not reasonably have expected coverage under these circumstances. See *Allstate Ins Co v Keillor (After Remand)*, 450 Mich 412, 420; 537 NW2d 589 (1995). Therefore, we conclude that Allstate had no duty to defend or indemnify Nancy Kabalka in the underlying action.

Affirmed.