AUTO CLUB GROUP INSURANCE COMPANY v DANIEL

Docket No. 231706. Submitted September 4, 2002, at Detroit. Decided September 13, 2002; approved for publication November 8, 2002, at 9:00 A.M.

Auto Club Group Insurance Company brought an action in the St. Clair Circuit Court against Judith Ann Daniel and Richard Bearinger, seeking a declaratory judgment that it was not contractually obligated under a homeowners policy issued to Daniel to defend or indemnify Daniel with regard to a personal injury tort claim that Bearinger had filed against Daniel. Bearinger sought damages for injuries he sustained when Daniel unintentionally shot him while they were deer hunting in the same deer blind on Daniel's property. Both Bearinger and Daniel were drinking beer before the shooting incident and after the incident Daniel pleaded guilty to a criminal charge of careless discharge of a firearm resulting in injury. The court, Daniel J. Kelly, J., granted summary disposition in favor of the insurer, finding that the criminal act exclusion in the policy eliminated any duty of the insurer to defend or indemnify Daniel. Bearinger appealed.

The Court of Appeals *held*:

The court properly held that the criminal act exclusion in the policy is not ambiguous. The incident in this matter meets the definition of criminal act because Daniel pleaded guilty to a criminal charge that was based on the incident. The criminal act exclusion is not contrary to public policy because the policy language is clear and unambiguous and the insurer is free to limit its liability. As a matter of public policy, an insurance policy that excludes coverage for a person's criminal acts serves to deter crime, while one that provides benefits to those who commit crime would encourage crime.

Affirmed.

*Highland & Zanetti* (by *R. Michael John*) (*Gross, Nemeth & Silverman, P.L.C.* [by *Mary T. Nemeth*, of counsel]), for Auto Club Group Insurance Company.

*Mark T. Slavens, P.C.* (by *Mark T. Slavens*), for Richard Bearinger.

Before: METER, P.J., and SAAD and R.B. BURNS*, JJ.

PER CURIAM. Defendant Richard Bearinger appeals as of right from an order granting summary disposition in favor of plaintiff Auto Club Group Insurance Company (ACGIC). We affirm.

Bearinger filed a personal injury tort claim against respondent Judith Daniel. Though ACGIC provided counsel to defend Daniel, ACGIC later filed this action for declaratory judgment to determine whether it was contractually obligated under its policy with Daniel to provide a defense for or indemnify Daniel. The trial court held that the "criminal act" exclusion in Daniel's insurance policy eliminated any duty of ACGIC to defend or indemnify Daniel and, therefore, granted ACGIC's motion for summary disposition under MCR 2.116(C)(10).

I

While deer hunting in the same deer blind on Daniel's property, Daniel unintentionally shot Bearinger. As a result, Bearinger suffers from a fifteen-percent hearing loss in his right ear, tinnitus, and occasional dizzy spells. Both Bearinger and Daniel were drinking beer before the shooting incident. When police officers arrived, Daniel's blood alcohol content measured 0.103 and she later pleaded guilty to a charge of careless discharge of a firearm resulting in injury, MCL 752.861.

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

This Court reviews de novo a motion for summary disposition. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). Under MCR 2.116(C)(10), a motion for summary disposition tests the factual support of the claim. *Hazle v Ford Motor Co*, 464 Mich 456, 461; 628 NW2d 515 (2001). When deciding a motion pursuant to MCR 2.116(C)(10), this Court must consider "[t]he affidavits, together with the pleadings, depositions, admissions, and documentary evidence then filed in the action or submitted by the parties . . . ." MCR 2.116(G)(5). "This case [also] involves issues concerning the proper interpretation of contracts, which are questions of law that are subject to de novo review by this Court." *Archambo v Lawyers Title Ins Corp*, 466 Mich 402, 408; 646 NW2d 170 (2002).

II

Bearinger claims the trial court erred in ruling that the insurance policy's criminal act exclusion provision is unambiguous and thus precludes coverage. An insurance company will not be held responsible for a risk that it did not assume. *Allstate Ins Co v Fick*, 226 Mich App 197, 202; 572 NW2d 265 (1997). An unambiguous policy must be enforced as written. *Id.* "A contract is said to be ambiguous when its words may reasonably be understood in different ways." *Raska v Farm Bureau Mut Ins Co*, 412 Mich 355, 362; 314 NW2d 440 (1982).

Bearinger argues that the policy's criminal act exclusion, which denies coverage for "bodily injury or property damage resulting from a criminal act or omission," merely excludes reimbursement for actual bodily injury, but not for other damages such as

medical bills, wage loss, mental anguish, fright and shock, denial of social pleasure and enjoyment, and so forth.

The policy unequivocally states that the term "bodily injury" includes "bodily injury, sickness, disease, including required care and loss of services." Clearly, the damages Bearinger claims for medical bills, mental anguish, loss of social pleasure and the like are included in the phrase "required care and loss of services." Therefore, the trial court correctly held that the criminal act exclusion is not ambiguous.

The policy's criminal act exclusion provides that ACGIC will not cover bodily injury resulting from a criminal act or omission or an act or omission that is criminal in nature. There is no dispute that this incident meets the definition of "criminal act or omission" because Daniel pleaded guilty to the criminal charge of careless discharge of a firearm. Thus, the criminal act exclusion precludes coverage for Bearinger's injuries.

Bearinger also contends that the trial court committed error requiring reversal in holding that the criminal act exclusion is not void as against public policy. "Any clause in an insurance policy is valid as long as it is clear, unambiguous and not in contravention of public policy." *Raska, supra* at 361-362. An insurance company is free to limit its liability as long as it does so clearly and unambiguously. *Fick, supra* at 201.

The criminal act exclusion is not contrary to public policy because the policy language is clear and unambiguous and ACGIC is free to limit its liability. Further, Bearinger fails to support his claim that the criminal act exclusion provision renders the policy "illusory." Again, when Daniel voluntarily pleaded guilty to a

criminal charge, she excluded herself from insurance coverage. We further note that, as a matter of public policy, an insurance policy that excludes coverage for a person's criminal acts serves to *deter* crime, while a policy that provides benefits to those who commit crimes would *encourage* it.

Further, Bearinger says that the trial court erred in failing to strike the criminal act exclusion as a term that is not subject to negotiation in an adhesion contract. In determining whether a policy constitutes an adhesion contract, this Court considers the relative bargaining powers of the parties and whether the disputed contract term is unreasonable. *Rehmann, Robson & Co v McMahan*, 187 Mich App 36, 43; 466 NW2d 325 (1991). Generally, this Court will not invalidate contracts as adhesion contracts where the challenged provision is reasonable. *Rembert v Ryan's Family Steak Houses, Inc*, 235 Mich App 118, 157; 596 NW2d 208 (1999).

While Daniel may not have had significant bargaining power over the terms of the ACGIC policy, the criminal act exclusion is unambiguous and Bearinger has presented no evidence that a similar insurance policy, without a criminal act exclusion, was unavailable from another company. Most importantly, as discussed, the criminal act exclusion is neither unreasonable nor contrary to public policy.

Affirmed.