DOE v CITIZENS INSURANCE COMPANY OF AMERICA

Docket No. 288776. Submitted January 12, 2010, at Lansing. Decided January 26, 2010. Approved for publication March 23, 2010, at 9:10 a.m.

John Doe, a minor, through his mother and next friend, brought an action in the Ingham Circuit Court against Citizens Insurance Company of America; Michael Hand, a minor, by his guardian ad litem, Thomas Woods; and Renee Boyle, seeking a declaration that Citizens has a duty to defend and indemnify Hand and Boyle on an underlying complaint filed by plaintiff against Hand and Boyle under a homeowners' insurance policy issued to Boyle. That action sought damages against Hand for negligence and false imprisonment and against Boyle for negligent supervision and was based on Hand's alleged sexual molestation of plaintiff. The trial court, Joyce Draganchuk, J., granted summary disposition in favor of Citizens, holding that the policy's exclusion from coverage of bodily injury arising out of sexual molestation applied. Plaintiff appealed.

The Court of Appeals *held*:

1. Although the policy does not define "sexual molestation," a dictionary defines "molest" as "to make indecent sexual advances to" and "to assault sexually." The conduct that plaintiff alleges that defendant Hand engaged in clearly and unambiguously falls within this definition.

2. The language of the exclusion in this case does not require that there be an intent to injure or that injury be reasonably foreseeable. Therefore, whether Hand intended to injure plaintiff is irrelevant. The exclusion applies, without regard to whether Hand intended to injure plaintiff, because the underlying complaint clearly alleges that plaintiff's injuries arose out of sexual molestation.

Affirmed.

*The Keane Law Firm* (by *Christopher J. Keane*) and *Robert S. Harrison & Associates, P.L.C.* (by *Robert S. Harrison* and *Matthew D. Klakulak*), for John Doe.

*Cummins Woods* (by *Thomas E. Woods* and *Brian Palmer Lick*) for Michael Hand.

*Plunkett Cooney* (by *Ernest R. Bazzana*) for Citizens Insurance Company of America.

Before: BANDSTRA, P.J., and SAWYER and OWENS, JJ.

PER CURIAM. Plaintiff, John Doe, a minor, through his mother and next friend, appeals an order of the circuit court granting summary disposition under MCR 2.116(C)(8) and (10) in favor of defendant Citizens Insurance Company of America on plaintiff's complaint seeking a declaration that Citizens has a duty to defend and indemnify defendants Michael Hand, a minor, by his guardian ad litem, Thomas Woods, and Renee Boyle on an underlying complaint filed against Hand and Boyle under a homeowners' insurance policy issued to Boyle. We affirm.

Plaintiff alleges that in 2006, when five years old, he was on a public beach in Traverse City. Hand, then a thirteen-year-old boy residing with Boyle, was taken by Boyle to the same beach. At some point while Hand and Doe were swimming or playing in the same area, Hand asked Doe if he had to go to the bathroom. Both then went to the public restroom where, at Hand's request, Doe disrobed and submitted to Hand's performing fellatio on Doe as well as Doe's performing fellatio on Hand. Upon leaving the restroom, Doe immediately informed others of the event and the police were summoned.

Plaintiff instituted an action against Hand and Boyle, alleging negligence and false imprisonment by Hand and negligent supervision by Boyle. Thereafter, plaintiff filed the instant action seeking a determination of Citizens' obligations regarding the underlying

suit.[1] The trial court granted summary disposition on the basis of the "sexual molestation" exclusion in the insurance policy.

Plaintiff first argues that the term "sexual molestation" is not defined in the policy and cannot serve as a basis for excluding coverage. We disagree. The insurance policy in this case does exclude coverage for bodily injury "arising out of sexual molestation," with the term "sexual molestation" being undefined in the policy. Where a term is not defined in an insurance policy, it is to be interpreted in accordance with its " 'commonly used meaning.' " *Allstate Ins Co v Mc-Carn*, 466 Mich 277, 280; 645 NW2d 20 (2002). According to *Random House Webster's College Dictionary* (1997), the definition of "molest" includes "to make indecent sexual advances to" and "to assault sexually." The conduct that plaintiff alleges that defendant Hand engaged in clearly and unambiguously falls within this definition. See, also, e.g., *American Commerce Ins Co v Porto*, 811 A2d 1185, 1199 (RI, 2002) (the term "sexual molestation" includes many activities, including oral sexual activity).

Plaintiff additionally argues that the term "sexual molestation" only refers to actions of an adult committed on a child. But plaintiff only refers us to cases where the molester was, in fact, an adult. None of these cases, however, held that a molester *must* be an adult.

Finally, plaintiff's reliance on *Fire Ins Exch v Diehl*, 450 Mich 678; 545 NW2d 602 (1996), overruled in part

---

[1] It is unclear from plaintiff's pleadings whether the underlying suit was ever formally tendered to Citizens to defend Boyle and Hand and whether Citizens formally declined to defend. In any event, Citizens did file a motion for summary disposition in the instant action arguing that it has no duty to defend or indemnify and this appeal is focused on that issue.

in *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 59-63 (2003), is similarly misplaced. Plaintiff argues that *Diehl* stands for the proposition that where an action is based upon a minor's performing sexual acts on another minor, intent cannot be inferred as a matter of law. While *Diehl, supra* at 689-690, did reach such a holding, it did so in analyzing policy exclusions for intentional injury and for injuries caused from intentional acts that are reasonably foreseeable. While similar exclusions are found in the insurance policy at issue in this case, those exclusions are not relevant to this appeal. At issue is a separate exclusion for any injury "arising out of sexual molestation," and the language of that exclusion does not require that there be an intent to injure or that injury be reasonably foreseeable.

The rationale of *Diehl* is that a child actor, unlike an adult, does not necessarily understand that sexual activity with a minor may be harmful to the minor. *Id.* at 691. But that rationale is relevant only with regard to an exclusion that requires some intent to injure. The exclusion at issue in the case at bar requires no such intent. That is, whether Hand intended to injure Doe is irrelevant to the case at bar. The policy excludes coverage for any injury arising out of sexual molestation, not just intended injuries. Because plaintiff's complaint clearly alleges that Doe's injuries arose out of sexual molestation, the exclusion applies and it applies without regard to whether Hand intended to injure Doe.

Accordingly, we conclude that the trial court properly granted summary disposition in favor of defendant Citizens.

Affirmed. Defendant Citizens may tax costs.