*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN also known as FARM
BUREAU GENERAL INSURANCE COMPANY
OF MUSKEGON,

UNPUBLISHED
May 12, 2022

Plaintiff-Appellee,

v

No. 356901
Muskegon Circuit Court
LC No. 20-004585-CK

DARRELL JONES also known as DARREL JONES
also known as DARNELL JONES, FATIMA
JONES, and JONES INVESTING LLC,

Defendants-Appellants.

Before: GLEICHER, C.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

PER CURIAM.

Farm Bureau General Insurance Company of Michigan issued homeowners insurance policies including personal liability coverage to Darrell and Fatima Jones covering several rental properties owned by the couple. Those policies do not provide coverage or a duty to provide a defense when the insured is sued for causing "bodily injury" through acts of "sexual molestation" or for causing "bodily injury" or "property damage" through intentional acts where the injury was a natural result. The circuit court correctly determined that no reasonable interpretation of the allegations raised against the Joneses in a federal complaint triggered Farm Bureau's duty to provide a defense. We affirm.

## I. BACKGROUND

Darrell and Fatima Jones own various rental properties, some of which are titled in the name of Jones Investing, LLC. The Joneses secured homeowners insurance policies for these rental properties, and their personal residence, from Farm Bureau. Although the policies differ slightly, they each provide substantively identical personal liability coverage.

In June 2020, the United States filed suit against the Joneses and their company in federal court, alleging that Darrell violated section 42 USC 3604 of the Fair Housing Act. The federal

-1-

complaint alleged that for over a decade Darrell subjected "multiple female tenants" to discrimination on the basis of sex by "[m]aking unwelcome sexual comments . . . [and] unwelcome sexual advances," asking for nude photographs, and "[t]ouching female tenants on their buttocks, breasts, and other parts of their bodies without their consent," as well as offering reduced rent and repair services for sex acts, "[t]aking adverse housing actions, such as eviction or refusing to make repairs . . . against female tenants who objected to and/or refused sexual advances," and exhibiting a preference for renting to single females. Darrell also allegedly entered the homes of his female tenants without consent. Fatima's alleged liability was vicarious.

Initially, Farm Bureau provided a defense in the federal suit under a reservation of rights. In November 2020, Farm Bureau filed this suit in the Muskegon Circuit Court seeking a declaratory judgment concerning the scope of its coverage and its duty to provide a defense in the federal action. Farm Bureau asserted that Jones Investing, LLC was not a named insured and therefore was not entitled to coverage or a Farm Bureau-provided defense. As to the Joneses, Farm Bureau alleged that the events underlying the federal action did not qualify as a covered "occurrence[s]" because Darrell's acts were "intentional," not "accident[al]." Further, the complaint did not allege "bodily injury" as defined in the policies because the alleged injuries were caused by actual or threatened "sexual molestation." Moreover, the policies excluded coverage for bodily injury or property damage caused by the insured's intentional acts or caused by sexual molestation.

Farm Bureau sought summary disposition in its favor based on the absence of a covered occurrence and the various policy exclusions raised in its complaint. The Joneses retorted that the duty to defend under an insurance policy is broader than the duty to indemnify, encompassing a duty to provide a defense for any claims "that even arguably come within the policy coverage." The Joneses emphasized that the federal complaint did not describe the injuries actually suffered by the alleged victims, preventing the parties from determining that covered "bodily injury" or "property damage" had not occurred. They further insisted that the allegations at least arguably fell within the definition of a covered occurrence because even if Darrell's actions were intentional, there was no allegation that Darrell "intended to cause the harm or injuries to his tenants."

The circuit court granted Farm Bureau's motion. The court determined that the LLC was not entitled to coverage or a defense because it was not listed as an insured on any of the policies. As to the Joneses, the court ruled:

> A review of the [federal] complaint . . . reveals nothing that would justify damages for bodily injury. The only possible argument for bodily injury would be generated by the claim that [Darrell] Jones touched some of the female tenants in an inappropriately sexual manner. Nevertheless, the description attributed to the alleged nonconsensual touching was of a clearly intentional act for purposes of sexual gratification. To the extent that it could be argued there was bodily harm, the sexual molestation was an activity carried on by Mr. Jones that created a direct risk of harm from which the consequences should reasonably have been expected by him. It was not an accident and does not meet the contractual definition of an occurrence.

In a footnote, the court noted that Darrell's conduct "would also be within the ambit of the contractual exclusion for bodily injury from intentional actions which created a direct risk of harm from which the consequences, viewed objectively, could reasonably have been expected by a reasonable adult person." As to Fatima, the court ruled that as her liability would be vicarious, "the question of coverage . . . must be viewed from the perspective of the insured party who caused the injury." She therefore was not entitled to a defense from Farm Bureau either.

## II. ANALYSIS

The circuit court did not err in determining that Farm Bureau had no duty to provide a defense in the federal action as a matter of law. We review de novo a circuit court's decision on a motion for summary disposition. *Wayne Co v Wayne Co Retirement Comm*, 267 Mich App 230, 243; 704 NW2d 117 (2005).

> A motion under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim. Summary disposition is appropriate . . . if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. [*Zaher v Miotke*, 300 Mich App 132, 139-140; 832 NW2d 266 (2013) (quotation marks and citations omitted).]

The subject policies contain personal liability coverage provisions that state: "If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage caused by an occurrence to which this coverage applies," Farm Bureau will both indemnify the insured and "provide a defense at our expense by counsel of our choice, even if the suit is groundless, false, or fraudulent." An "occurrence" is defined in the policy as:

> an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:
>
> a. bodily injury; or
>
> b. property damage;
>
> neither expected nor intended from the standpoint of the insured.

"Bodily injury" is defined as "physical bodily injury, sickness, or disease, including required care, loss of services, and death that results," but does not include "bodily harm, sickness, disease, or death that arises out of" "the actual, alleged, or threatened sexual molestation of a person." "Property damage" is more simply defined as "physical injury to, destruction of, or loss of use of tangible property."

The policies include several exclusions to coverage, which concomitantly are exclusions to the duty to provide a defense. The first relevant provision is referred to the "intentional act" exclusion and states in relevant part that coverage does not apply to

> (3) bodily injury or property damage which may be the natural, foreseeable, expected, or anticipated result of an intentional act(s) or action(s) of an insured; or
>
> (4) bodily injury or property damage where an intended act(s) or action(s) of an insured created a direct risk of harm from which the consequences, viewed objectively, could reasonably have been expected by a reasonable adult person.
>
> This exclusion applies even if the resulting bodily injury or property damage is of a different kind, quality, or degree than intended or was or may be expected, or is sustained by a different person, entity, or real or personal property than intended or was or may be expected.

The "sexual molestation" exclusion provides that there is no coverage for "bodily injury arising out of sexual molestation, corporal punishment, or physical or mental abuse, whether actual or alleged."

Based on the plain language of these policies, Farm Bureau owed no duty to defend in the federal lawsuit. "In reviewing an insurance policy dispute we must look to the language of the insurance policy and interpret the terms therein in accordance with Michigan's well-established principles of contract construction." *Citizens Ins Co v Pro-Seal Serv Group, Inc*, 477 Mich 75, 82; 730 NW2d 682 (2007) (cleaned up).

> [A]n insurance contract must be enforced in accordance with its terms. A court must not hold an insurance company liable for a risk that it did not assume. Second, a court should not create ambiguity in an insurance policy where the terms of the contract are clear and precise. Thus, the terms of a contract must be enforced as written when there is no ambiguity." [*Henderson v State Farm Fire & Cas Co*, 460 Mich 348, 354; 596 NW2d 190 (1999).]

"[A]n insurer's duty to defend is broader than its duty to indemnify." *Allstate Ins Co v Fick*, 226 Mich App 197, 202; 572 NW2d 265 (1997). "The insurer has a duty to defend if the underlying allegations even arguably come within the policy coverage." *Id*. "In case of doubt as to whether or not the complaint against the insured alleges a liability of the insurer under the policy, the doubt must be resolved in the insured's favor." *Matouk v Mich Muni League Liability & Prop Pool*, 320 Mich App 402, 409; 907 NW2d 853 (2017).

The allegations in the federal complaint do not even arguably allege a covered "occurrence." An "occurrence" requires "bodily injury" or "property damage." "Bodily injury" does not include harm "aris[ing] out of the actual, alleged, or threatened sexual molestation of a person." The policy does not define "sexual molestation." Undefined terms in a policy "are given their commonly used meaning[s]." *Matouk*, 320 Mich App at 409 (quotation marks and citation omitted). In everyday language, the term "molest" is regularly used to refer to Darrell's conduct: "Molest" suggests an act of physical touching motived by sexual interest or desire. The dictionary agrees. To "molest" means "to make annoying sexual advances to; esp[ecially]: to force physical

and usu[ally] sexual contact on." *Merriam-Webster's Collegiate Dictionary* (11th ed), p 800. This Court defined "sexual molestation" in *Doe v Citizens Ins Co*, 287 Mich App 585, 587; 792 NW2d 80 (2010) (quotation marks and citation omitted), as "to make indecent sexual advances to and to assault sexually."

In the federal complaint, the United States alleged that Darrell violated the Fair Housing Act by subjecting "multiple female tenants" to discrimination on the basis of sex by "[m]aking unwelcome sexual comments . . . [and] unwelcome sexual advances," asking for nude photographs, and "[t]ouching female tenants on their buttocks, breasts, and other parts of their bodies without their consent," as well as offering reduced rent and repair services for sex acts, "[t]aking adverse housing actions, such as eviction or refusing to make repairs . . . against female tenants who objected to and/or refused sexual advances," and exhibiting a preference for renting to single females. Darrell also allegedly entered the homes of his female tenants without consent. These allegations clearly indicate that any physical injury the victims may have suffered arose out of Darrell's sexual molestation and therefore did not amount to "bodily injury" as required to find an occurrence.

Even if the allegations in the federal complaint arguably raised a claim of "property damage," they still could not create even an arguable claim that an "occurrence" existed. The policies define an "occurrence" as "an *accident* . . . which results, during the policy period, in 'bodily injury' or 'property damage.' " (Emphasis added.) "Accident" is not defined in the policy, but there is abundant caselaw defining this word. "[A]n 'accident' is 'an undefined contingency, a casualty, a happening by chance, something out of the usual course of things, unusual, fortuitous, not anticipated and not naturally to be expected.' " *Skanska v M A P Mech Contractors, Inc*, 505 Mich 368, 378; 952 NW2d 402 (2020), quoting *Allstate Ins Co v McCarn*, 466 Mich 227, 281; 645 NW2d 20 (2020).

This Court determined that there was no covered "accident" in a case with nearly identical facts. In *Greenman v Mich Mut Ins Co*, 173 Mich App 88, 90; 433 NW2d 346 (1988), the plaintiff was sued for sexual harassment and discrimination for making unwelcome sexual advances, requesting sexual favors, and for "other verbal and physical conduct and communication of a sexual nature." The plaintiff's homeowners insurance policy included liability coverage, but the insurer refused to provide a defense. *Id*. The plaintiff filed suit against the insurer and the circuit court granted summary disposition in the insurance provider's favor. *Id*. at 90-91. This Court held that as an occurrence means an "accident," an occurrence "does not include intentional acts." *Id*. at 92-93.

Darrell did not accidentally harass, molest, or discriminate against his female tenants. The allegations describe a purposeful course of conduct that took place over a decade. *Greenman* is indistinguishable from the current case in this regard. Absent an "accident" there was no "occurrence" and therefore not even an arguable duty to defend.

Furthermore, even if a covered "occurrence" could be found, coverage and a duty to defend were eliminated under more than one policy exclusion. Just as the policies provided that injuries caused by an insured's sexual molestation of another person do not fall within the parameters of a covered "occurrence," the policies excluded coverage for injuries "arising out of sexual

molestation." Again, all of the acts alleged against Darrell in the federal complaint fall within the definition of "sexual molestation."

The policies also include a comprehensive exclusion from coverage for injuries and damages caused by the insured's intentional acts. The federal complaint clearly alleges that Darrell intended to sexually discriminate against and harass his female tenants. He did not accidentally spend a decade seeking out single females to rent his properties to, asking for nude photos and sexual favors, inappropriately touching his tenants, and blackmailing them for repairs and continued housing. Even if Darrell did not intend the specific injuries suffered by each victim, this exclusion applies to eliminate coverage. Darrell's intentional acts "created a direct risk of harm from which the consequences, viewed objectively, could reasonably have been expected by a reasonable adult person" and the injuries "may be the natural, foreseeable, expected, or anticipated result" of his intentional acts.

A reasonable adult would expect that sexual harassment, discrimination, and molestation would cause a victim severe emotional distress. Where the abuser is a landlord who refuses to make repairs and threatens eviction if the tenant does not give in to unwanted sexual advances, a reasonable adult would expect the tenant to refuse, leading to an absence of necessary repairs and eviction. Moreover, the tenants' potential injuries would be a natural and foreseeable result of such conduct. Accordingly, coverage and the duty defend were eliminated by the intentional conduct exclusion.

The allegations against Fatima in the federal complaint arise from her vicarious liability for Darrell's actions. "Vicarious liability is indirect responsibility imposed by operation of law." *Theophelis v Lansing Gen Hosp*, 430 Mich 473, 483; 424 NW2d 478 (1988). As Fatima's liability is indirect, it is limited to any liability imposed on Darrell. Her personal liability coverage is also limited to any liability coverage available to Darrell. As Darrell is not entitled to a defense at Farm Bureau's expense, neither is Fatima. And as the Joneses did not identify Jones Investing, LLC as a named insured in any of the policies secured for the subject premises, that entity also is not entitled to a defense.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Amy Ronayne Krause
/s/ Mark T. Boonstra