MARSH v DEPARTMENT OF CIVIL SERVICE (AFTER REMAND)

Docket No. 100926. Submitted May 3, 1988, at Lansing. Decided
    August 23, 1988. Leave to appeal denied, 432 Mich —.

    Plaintiff, Linda K. Marsh, brought an action in the Ingham
        Circuit Court against the Departments of Civil Service and
        Treasury alleging that she was denied three promotions with
        ˙ the Treasury Department because of discrimination based on
        sex, race, and an asthma handicap. She alleged that two of the
        promotions she sought were given to other persons despite her
        higher test scores on civil service examinations for those posi-
        tions. When plaintiff was first denied a promotion, allegedly
        because of racial discrimination, she used the full civil service
        grievance procedures, including an appeal to the Civil Service
        Commission. A final decision denying her grievances was ren-
        dered and was not appealed. Plaintiff also filed a grievance
        alleging discrimination based on her handicap. She received a
        denial after a hearing before a civil service hearing officer, but
        did not further pursue her grievance by appealing to the Civil
        Service Commission. Upon plaintiff's failure to receive a third
        promotion, allegedly because of sex discrimination, plaintiff did
        not file a grievance, but filed suit in circuit court alleging
        constitutional and statutory violations. The circuit court, Rob-
        ert Holmes Bell, J., granted defendant Civil Service Depart-
        ment's motion for accelerated judgment, finding that the court
        lacked original subject matter jurisdiction to hear plaintiff's
        claims. It held that plaintiff's sole initial remedy was through
        the internal grievance procedures of the Civil Service Commis-
        sion. Although the issue of a right to a jury trial under the
        Civil Rights Act and Handicappers' Civil Rights Act was ren-
        dered moot, the court noted that previous circuit court opinions
        had held that there was no right to a jury trial under these
        acts. Plaintiff appealed. The Court of Appeals reversed and

REFERENCES

Am Jur 2d, Civil Rights §§ 98 et seq., 154 et seq., 290 et seq.
Am Jur 2d, Stipulations § 8.
Am Jur 2d, Summary Judgment §§ 26 et seq.
Sex discrimination—Supreme Court cases. 27 L Ed 2d 935.
Racial discrimination in labor and employment—Supreme Court
    cases. 28 L Ed 2d 928.

remanded, holding that state classified civil service employees may bring an action in the circuit court to enjoin the Department of Civil Service from violating Const 1963, art 11, § 5; that an employee aggrieved by an employer's violation of the Handicappers' Act or Civil Rights Act (1) may file a complaint with the Department of Civil Rights to be heard by the commission, (2) may bring a civil action in circuit court for appropriate injunctive relief and damages, and (3) is not precluded from other remedies, that the constitutional prohibition against legislation for resolution of employment disputes of the classified civil service does not extend to the area of employment discrimination, and that a plaintiff suing under the Civil Rights Act has a right to a jury trial. 142 Mich App 557 (1985). On remand, the circuit court granted defendants' motion for summary disposition on the ground that plaintiff failed to establish a prima facie case of race, sex, or handicap discrimination. Plaintiff appealed.

The Court of Appeals *held:*

1. The trial court did not err in limiting the period of discovery to three months. The parties stipulated to the limitation.

2. The trial court correctly granted summary disposition in favor of defendants. Plaintiff failed to appropriately respond to defendants' motion for summary disposition.

3. Plaintiff failed to establish a prima facie case of sex, race, or handicap discrimination.

Affirmed.

1. STIPULATIONS — COURT RULES.

An agreement or consent between parties or their attorneys is binding when reduced to writing and signed by the party against whom it is offered, or when attested to in open court (MCR 2.507[H]).

2. MOTIONS AND ORDERS — SUMMARY DISPOSITION — ISSUE OF MATERIAL FACT — EVIDENCE.

Opponents of a motion for summary disposition made on the basis that there is no genuine issue of material fact must show the existence of a factual dispute by submitting opposing affidavits, testimony, depositions, admissions, or other documentary evidence; opinion evidence, conclusory denials, unsworn averments, and inadmissible hearsay do not satisfy this requirement because the existence of a disputed fact must be established by admissible evidence (MCR 2.116[C][10]).

3. CIVIL RIGHTS — RACIAL DISCRIMINATION — MASTER AND SERVANT.

A plaintiff, in order to sustain a claim of racial discrimination in

violation of § 202 of the Civil Rights Act, must make a prima facie showing of discrimination, either by disparate treatment or intentional discrimination; one alleging disparate treatment must show that he was a member of the class entitled to protection under the act and that, for the same or similar conduct, he was treated differently than one who was a member of a different race; one alleging intentional discrimination must show that he was a member of the affected class, that he was discharged, and that the person who discharged him was predisposed to discriminate against persons in the affected class and had actually acted on that disposition in so discharging him (MCL 37.2202; MSA 3.548[202]).

4. CIVIL RIGHTS — SEX DISCRIMINATION.

A woman, in order to establish a prima facie case of sex discrimination, must show that she was a member of a class entitled to protection under the statute and that, for the same or similar conduct, she was treated differently than a man; the crux of a sex discrimination case is that similarly situated persons have been treated differently because of their sex.

5. CIVIL RIGHTS — EMPLOYMENT DISCRIMINATION — BURDEN OF PROOF.

The plaintiff in an employment discrimination case has the burden of proving by the preponderance of the evidence a prima facie case of discrimination.

6. CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — DUTY OF ACCOMMODATION.

The duty of an employer to accommodate handicapped employees under the Michigan Handicappers' Civil Rights Act is limited to (1) the alteration of physical structures to allow access to the place of employment and (2) the modification of peripheral duties to allow job performance; the duty to accommodate imposed under the handicappers' act does not extend to new job placement or vocational rehabilitation efforts (MCL 37.1101 *et seq.*; MSA 3.550[101] *et seq.*).

*Patrick J. Boog,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Treva S. Robertson, Gary P. Gordon,* and *George H. Weller,* Assistant Attorneys General, for defendant.

AFTER REMAND

Before: DOCTOROFF, P.J., and HOLBROOK, JR., and C. JOBES,* JJ.

PER CURIAM. This case returns to this Court following a remand wherein this Court held that the circuit court had jurisdiction to hear plaintiff's claims alleging violation of Const 1963, art 11, § 5 and violation of the Michigan Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.*, and the Michigan Handicappers' Civil Rights Act, MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq. Marsh v Dep't of Civil Service*, 142 Mich App 557; 370 NW2d 613 (1985), lv den 424 Mich 881 (1986). Subsequent to the remand, the trial court granted defendants' motion for summary disposition pursuant to MCR 2.116(C)(10). Plaintiff appeals and defendants cross-appeal as of right. We affirm the order of the trial court.

Plaintiff is a white female in her late thirties who has been employed with the Department of Treasury since 1978. She was hired as a General Clerk 01. After three months, plaintiff requested and received a promotion to the position of Calculations Clerk 03. The Department of Civil Service has certified plaintiff as handicapped because of asthma.

Plaintiff's complaint was based on the denial of three applications for promotion. Plaintiff alleged discrimination because of sex, race, and handicap.

After plaintiff's deposition was taken, defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(8) and (10), relying, in part, upon plaintiff's own deposition testimony and an affida-

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

vit signed by Patricia Pickett, Treasury's Personnel Administrator.

Plaintiff filed no response to defendants' motion by way of pleading, counter-affidavits, or deposition testimony. The day before the hearing, plaintiff filed objections to defendants' motion requesting an adjournment to allow plaintiff to complete discovery. The document did not address the merits of the motion but alleged that further discovery would uncover factual support for plaintiff's claims. The trial court denied plaintiff's request and granted summary disposition to defendants under MCR 2.116(C)(10).

On appeal, plaintiff first raises the issue that the trial court committed error by limiting the period of discovery. Plaintiff maintains that, pursuant to MCR 2.301(A), discovery should have been extended for a full year following the filing of defendants' answer to plaintiff's complaint. We disagree and hold that the trial court complied with MCR 2.301(A)(2) by entering an order for a three-month extension of discovery pursuant to a stipulation by the parties.

Plaintiff filed her complaint on February 7, 1983. This case was remanded back to the trial court in February, 1986. On June 12, 1986, defendants filed their answer to the complaint. On September 10, 1986, plaintiff's counsel was substituted as attorney of record. On September 30, 1986, counsel for both parties stipulated to a three-month extension of discovery and, pursuant to MCR 2.301(A), moved in the trial court for an order so stating. The order was signed on October 3, 1986.

Discovery was limited by stipulation of the parties. An agreement or consent between parties or their attorneys is binding when reduced to writing and signed by the party against whom it is offered,

or when attested to in open court. MCR 2.507(H); *In re Freiburger*, 153 Mich App 251, 261; 395 NW2d 300 (1986). Here, the parties requested and were granted a court order extending the discovery period for three months. Plaintiff will not now be heard to complain that the trial court erred by signing an order to which both parties stipulated. If plaintiff believed that she was entitled to a full year of discovery from the filing of defendants' answer to the complaint, plaintiff should not have stipulated to a lesser period of time.

Plaintiff's main issue on appeal is that the trial court committed error by granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(10). We hold that summary disposition was correctly granted to defendants.

A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim or defense. The court is to consider affidavits, pleadings, depositions, and other documentary evidence submitted by the parties. *Partrich v Muscat*, 84 Mich App 724, 730; 270 NW2d 506 (1978). The benefit of any reasonable doubt is given to the party opposing the motion, and the court may only grant the motion if it is impossible for the claim or defense to be supported at trial because of a deficiency which cannot be overcome. *Rizzo v Kretschmer*, 389 Mich 363, 372; 207 NW2d 316 (1973). The courts are liberal in finding that a genuine issue does indeed exist. *Ruppal v Dep't of Treasury*, 163 Mich App 219, 225-226; 413 NW2d 751 (1987), lv den 429 Mich 891 (1987).

Opponents of a motion grounded upon this court rule must show the existence of a factual dispute by submitting opposing affidavits, testimony, depositions, admissions, or other documentary evidence. Opinion evidence, conclusory denials, unsworn averments, and inadmissible hearsay do not

satisfy this requirement because the existence of a disputed fact must be established by admissible evidence. *Pauley v Hall,* 124 Mich App 255, 262; 335 NW2d 197 (1983), lv den 418 Mich 870 (1983).

As the party opposing summary judgment, plaintiff had the burden of showing that a genuine issue of disputed fact existed. *Linebaugh v Berdish,* 144 Mich App 750, 754; 376 NW2d 400 (1985). MCR 2.116(G)(4) specifies that when a motion under subrule (C)(10) is made and supported as provided in subrule (G)(4), the opposing party may not rest upon mere allegations or denials in his or her pleadings but must, by affidavits or other documentary evidence, set forth specific facts showing that there is a genuine issue for trial. It further provides that, if the opposing party does not so respond, judgment, if appropriate, shall be entered against him or her. *Fulton v Pontiac General Hospital,* 160 Mich App 728, 735-736; 408 NW2d 536 (1987).

In the instant case, defendants supported their motion for summary disposition with an affidavit, plaintiff's own deposition testimony, and other admissible evidence. In response, plaintiff did not show the existence of a factual dispute by submitting admissible evidence or filing a brief in opposition to defendants' motion. At the hearing on the motion, plaintiff presented no facts to support her allegations. Instead, more than three years after the filing of the complaint, plaintiff argued that further discovery would uncover factual support for her claim. This Court finds that the judgment in favor of defendants was appropriate because of plaintiff's failure to respond to the motion. Additionally, we hold that summary disposition pursuant to MCR 2.116(C)(10) was appropriate because of plaintiff's failure to establish a prima facie case of race, sex, or handicap discrimination.

To sustain a claim of racial discrimination in violation of § 202 of the Civil Rights Act, a plaintiff must make a prima facie showing of discrimination, either by disparate treatment or intentional discrimination. *Ruppal, supra,* p 226. These theories were described in *Schipani v Ford Motor Co,* 102 Mich App 606, 617; 302 NW2d 307 (1981):

> (1) Disparate treatment. To make a *prima facie* showing of discrimination, the one alleging disparate treatment must show that he was a member of the class entitled to protection under the act and that, for the same or similar conduct, he was treated differently than one who was a member of a different race. *Pompey v General Motors Corp,* 385 Mich 537, 542, 549; 189 NW2d 243 (1971). (2) Intentional discrimination. Here, plaintiff must show that he was a member of the affected class, that he was discharged, and that the person discharging him was predisposed to discriminate against persons in the affected class and had actually acted on that disposition in discharging him. *Civil Rights Comm v Chrysler Corp,* 80 Mich App 368, 373, fn 3; 263 NW2d 376 (1977).

Because plaintiff is not basing her complaint on a discharge, she must make a prima facie case of disparate treatment.

In order to establish a prima facie case of sex discrimination, a woman must show that she was a member of a class entitled to protection under the statute and that, for the same or similar conduct, she was treated differently than a man. The crux of a sex discrimination case is that similarly situated persons have been treated differently because of their sex. *Slayton v Michigan Host, Inc,* 144 Mich App 535, 541; 376 NW2d 664 (1985); *Pomranky v Zack Co,* 159 Mich App 338, 343; 405 NW2d 881 (1987).

Plaintiff retains the burden of persuasion at all times. Plaintiff's burden is to show by a preponderance of the evidence that a prima facie case of discrimination exists. *Jenkins v Southeastern Michigan Chapter, American Red Cross,* 141 Mich App 785, 794; 369 NW2d 223 (1985).

Employers have a duty to accommodate a handicapped employee under the Michigan Handicappers' Civil Rights Act, MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.* This duty is limited to the alteration of physical structures to allow access to the place of employment and the modification of peripheral duties to allow job performance. The duty to accommodate imposed under the Handicappers' Act does not extend to new job placement or vocational rehabilitation efforts. *Rancour v The Detroit Edison Co,* 150 Mich App 276, 279; 388 NW2d 336 (1986), lv den 428 Mich 860 (1987).

A review of the evidence on file and submitted by defendants with their motion clearly reveals that plaintiff failed to establish a prima facie case of sex, race, or handicap discrimination. The evidence showed that the black female selected for the position of Office Supervisor VI had more years of service with the department than plaintiff. Further, had plaintiff been given the Office Supervisor VI position, her immediate supervisor would have been her mother, a situation clearly against established departmental policy. The evidence showed that the white male selected to fill the Departmental Supervisor VIII position had more years of service with the department than plaintiff and over four years of prior supervisory experience. The evidence showed that the white female selected for the Office Supervisor VIII position had more years of state classified service than plaintiff and over three years of prior supervisory experience.

Plaintiff has no civil service supervisory experience. Plaintiff's bachelor's and master's degrees in the unrelated area of dental hygiene do not make her more qualified for these positions than a person with only a high school education because these positions require only a high school education.

Plaintiff's claim of handicap discrimination was unsupported by any admissible evidence. Plaintiff's own deposition testimony cited examples of the accommodations defendants made so that plaintiff could work in a smoke-free environment.

A review of plaintiff's deposition testimony evidences that plaintiff based her allegations of discrimination and retaliation on her personal beliefs and opinions, conclusory denials, unsworn averments, and inadmissible hearsay. Plaintiff presented no admissible evidence to establish a prima facie case of discrimination or retaliation by defendants. Plaintiff failed to set forth specific facts showing a genuine issue for trial. We therefore affirm the trial court's order granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(10).

In view of the foregoing resolution, we find it unnecessary to decide the remaining claims of error raised on cross-appeal by defendants. The order of the trial court is affirmed.

Affirmed.