# STATE OF MICHIGAN

# COURT OF APPEALS

LAROSA BUTLER,

        Plaintiff-Appellee,

v

GOLD MOUNTAIN INC, d/b/a EASY PICK
FOOD MARKET,

        Defendant-Appellant.

UNPUBLISHED
August 2, 2018

No. 336671
Wayne Circuit Court
LC No. 15-015302-NO

Before: BOONSTRA, P.J., and BECKERING and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's order denying its motion for summary disposition. We reverse and remand for entry of summary disposition in favor of defendant.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant is a convenience store located in Highland Park. On the evening of February 21, 2014, plaintiff drove to the store with an acquaintance, Darnell Battle. According to plaintiff, she parked her vehicle and walked toward the store, with Battle following some distance behind. She allegedly slipped and fell on ice that had accumulated just outside the entrance to the store. She got up before Battle reached her. She and Battle then entered the store, and Battle walked past the area where she had fallen. Plaintiff testified that she reported the incident to two people inside the store—a man and a woman whom she believed were employees of defendant. According to plaintiff, the woman told her "that she would take care of it, that they hadn't got [sic] to it and she would take care of it," which plaintiff indicated gave her

---

[1] *Butler v Gold Mountain Inc*, unpublished order of the Court of Appeals, issued May 12, 2017 (Docket No. 336671) (two judges would have peremptorily reversed the trial court's order, and one judge would have denied leave; because peremptory reversal requires unanimity, MCR 7.211(C)(4), this resulted in a grant of leave). This Court also granted defendant's motion to stay proceedings in the trial court. *Id.*

the impression that the employees were aware of the ice but had not yet put salt on it. However, plaintiff admitted that at no time did either person specifically acknowledge the presence of ice. No one witnessed the alleged fall or the alleged conversation. Battle did, however, observe plaintiff getting up from the ground.

Plaintiff testified that she did not see the ice before falling, but that she did see it after she fell and was then able to identify it as such. However, even after standing up after her fall, she could not see the ice looking down at it. Plaintiff stated that, based on how the ice felt when she touched it, it was "thick" and covered the entire front of the doorway into the store. Plaintiff also stated that she had not encountered any slippery conditions earlier in the day. Battle testified at his deposition that, although it had not been snowing that day and he did not recall that there was any accumulated snow on the ground, it was cold and the ground was "wet" and "icy." Battle also testified that he did not see the ice on his way into the store, but that he did see it on his way out; he did not slip on any ice when either entering or leaving the store. Battle later submitted an affidavit attesting that he saw no ice when he walked into the store, only saw ice after he exited the store and "bent down close to the ground outside the front door to look closer at the location," and saw no ice or snow anywhere that day "before looking closely at the ground after exiting the store."

Defendant's employees, Taghred Bitros and Rhonda Petros,[2] testified at their depositions that they were the only people who regularly worked in the store; their brother, the owner, stopped in sometimes but was not present on February 21, 2014. Defendant did not keep documentation regarding accidents, shoveling, salting, or hours worked by particular employees. However, Petros testified that she remembered the day of plaintiff's fall because it was shortly after a break-in had occurred at the store. Petros and Bitros both testified that the only noteworthy incident that occurred on that day had been that an elderly woman had lost her grip on her cane in the parking lot and "wobbled" or "bent on her knee" before entering the store. When Petros and Bitros learned of the lawsuit, they initially assumed that plaintiff was that same woman. They both agreed, however, after seeing photographs of plaintiff, that plaintiff and the elderly woman were not the same person. Regardless, both Petros and Bitros testified that they did not recall anyone reporting having slipped and fallen on the premises that day.

Both Petros and Bitros testified that it had snowed and been cold during the days preceding February 21, 2014, but that it had either not snowed that day or had not snowed hard enough to leave any accumulated snow. Both also opined that the temperature that day was above freezing, with Bitros describing the day as "nice and warm" and Petros recalling that the temperature was in the mid-40s. Both of them testified that they inspected the parking lot at some point during the day; they stated that it was defendant's policy to inspect the outside of the premises three to five times a day regardless of weather conditions and to salt or shovel walkways, including in the area of the store's entrance, as necessary. Petros testified that ice

---

[2] The parties dispute who was working at the store that day: plaintiff testified that she spoke to a male and female employee, whereas defendant's witnesses stated that there were no male employees other than their brother, who was not present that day.

would sometimes accumulate in front of the entrance door, and that when it did, it had to be cracked with a shovel and salted; otherwise, the door would not open. Bitros testified that she salted the area when she started work at 1:00 p.m., and Petros testified that she inspected the parking lot after the incident with the elderly woman, which had occurred sometime after dark.[3] Neither employee saw any snow or ice when they inspected the lot. Defendant's video camera footage of the scene automatically erased after three days and therefore had not been preserved.

Plaintiff filed the instant premises liability suit against defendant. After discovery, defendant moved for summary disposition under MCR 2.116(C)(10), arguing that no genuine issue of material fact existed regarding whether the ice on which plaintiff allegedly slipped had been open and obvious, or whether defendant lacked actual and constructive notice of the hazard. The trial court held a hearing on defendant's motion. During the first day of the hearing, the trial court went off the record to give defendant's counsel the opportunity to locate specific deposition testimony that counsel wished to reference, but never went back on the record that day. The hearing continued the next day, but for unknown reasons the proceedings were not recorded. The trial court entered an order denying defendant's motion "for the reasons stated on the record."[4]

This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's grant or denial of summary disposition. See *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). When reviewing a motion under MCR 2.116(C)(10), which tests the factual sufficiency of the complaint, this Court considers all evidence submitted by the parties in the light most favorable to the non-moving party and grants summary disposition only where the evidence fails to establish a genuine issue regarding any material fact. See *Id.* at 120.

## III. SUMMARY DISPOSITION

To establish a premises liability claim, a plaintiff must prove (1) that the defendant owed it a duty; (2) the defendant breached that duty; (3) causation; and (4) that the plaintiff suffered damages. *Kennedy v Great Atlantic & Pacific Tea Co*, 274 Mich App 710, 712; 737 NW2d 179

---

[3] Sunset in the Detroit area occurred around 6:12 p.m. on February 21, 2014. See https://www.timeanddate.com/sun/usa/detroit?month=2&year=2014. The record in this case reflects that plaintiff and Battle arrived at the store between 8:30 p.m. and 10:00 p.m.

[4] The fact that we are unable to determine the trial court's rationale for its denial of summary disposition is not, in itself, error in light of our de novo review. "Although it is always preferable for purposes of appellate review that a trial court explain its reasoning and state its findings of fact with respect to pretrial motions, the court is not required to do so by court rule." *People v Shields*, 200 Mich App 554, 558; 504 NW2d 711 (1993).

(2007). Whether defendant owed plaintiff a duty is a question of law, which this Court reviews de novo. *Dawe v Dr Reuven Bar-Levav & Assocs, PC*, 289 Mich App 380, 390; 808 NW2d 240 (2010), lv den 489 Mich 869 (2011).

The owner of property owes invitees a duty to exercise reasonable care to protect invitees from an unreasonable risk of harm that is caused by a dangerous condition on the property. *Lugo v Ameritech Corp*, 464 Mich 512, 516; 629 NW2d 384 (2001). The duty arises where there is "'an unreasonable risk of harm caused by a dangerous condition of the land' that the landowner knows or should know the invitees will not discover, realize, or protect themselves against." *Bertrand v Alan Ford, Inc*, 449 Mich 606, 609; 537 NW2d 185 (1995).

A premises owner "is not a guarantor or insurer of the safety of" invitees. *Serinto v Borman Food Stores*, 3 Mich App 183, 193; 142 NW2d 32 (1966). A premises owner owes invitees on his land no duty to protect against dangerous conditions unless he is, or should be, aware of the dangerous condition. *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). Such notice can be actual or constructive. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 8-9; 890 NW2d 344 (2016). Defendant argues that plaintiff has not demonstrated that it had actual or constructive notice of the alleged ice, and that it was therefore entitled to summary disposition. We agree.

The evidence, viewed in the light most favorable to plaintiff, did not establish a genuine issue of material fact regarding whether defendant had constructive notice of the ice. Plaintiff correctly points out that Petros and Bitros stated that they were aware in general that ice could form in front of the store's entrance. However, the fact that ice buildup may occur in winter, without more, does not permit a court to impute to a defendant constructive notice of a specific ice buildup on a particular day. See *Altair v Alhaj*, 235 Mich App 626, 640; 599 NW2d 537 (1999) (rejecting the plaintiff's argument that the defendant's "general knowledge of local weather conditions" meant that the defendant knew or should have known of a particular patch of ice).

Nonetheless, evidence that ice had historically formed in a certain location on the premises could be relevant to the issue of a defendant's constructive notice of the hazard. Premises owners owe invitees a duty to inspect the premises and either warn them of any discovered hazards or conduct necessary repairs. *Grandberry-Lovette v Garascia*, 303 Mich App 566, 573; 844 NW2d 178 (2014); *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 597; 614 NW2d 88 (2000). However, a defendant is not required to present evidence that it conducted regular or routine inspections in order to avoid summary disposition. *Lowrey*, 500 Mich at 10. With regard to the accumulation of ice on the premises, a premises owner does not have a "duty to guarantee that ice will never form on its premises, but it does have a duty to ensure that invitees are not unnecessarily exposed to an unreasonable danger." *Buhalis v Trinity Continuing Care Services*, 296 Mich App 685, 696-697; 822 NW2d 254 (2012).

Here, there was testimony that ice had in fact formed in front of the door previously. But Petros and Bitros both testified that they inspected the parking lot that day and did not observe

-4-

any ice in front of the door. Plaintiff provided the trial court with an affidavit from Walter Cygan, a "safety & human factors consultant," opining that "it is more likely than not that the ice in front of the doorway would have formed at least seven hours before Plaintiff fell."[5] This affidavit is extremely conclusory and provides no explanation of the reasoning underlying Cygan's conclusions. Cygan's opinion is not based on any evidence regarding the nature of the conditions that in fact existed at defendant's location on that day. The affidavit states that Cygan reviewed plaintiff's testimony, a photograph taken of the premises, and the weather reports. The only photographs discussed in this matter appear to have been taken a significant period of time after plaintiff's fall, in warm and dry weather.

This Court has held "that an expert's opinion is objectionable where it is based on assumptions that are not in accord with the established facts," especially "where an expert witness' testimony is inconsistent with the testimony of a witness who personally observed an event in question, and the expert is unable to reconcile his inconsistent testimony other than by disparaging the witness' power of observation." *Badalamenti v William Beaumont Hosp-Troy*, 237 Mich App 278; 286; 602 NW2d 854 (1999). Here, Petros and Bitros testified that they did not observe ice accumulation earlier in the day. Furthermore, no witness discovered the ice until after plaintiff fell.

The unrefuted evidence is that defendant's employees conducted regular inspections and received no other reports or indications of anyone slipping. Cygan's affidavit does not create a question of fact regarding constructive notice, because it does not bear on the issue of the nature or duration of the actual hazard alleged to have been present at the store; Cygan's affidavit merely opines, based on plaintiff's deposition testimony about the ice that she observed only after falling, weather reports for the area, and photographs taken during an entirely different season, that if ice as described by plaintiff was present in the doorway at the time of the fall, it would have been present for at least 7 hours before plaintiff's fall. A non-movant, when presented with evidence that no genuine issue of material fact exists, must present more than speculation or conjecture in rebuttal to survive a motion for summary disposition under MCR 2.116(C)(10). See *Coblentz v Novi*, 475 Mich 558, 569; 719 NW2d 73 (2006). We conclude that plaintiff has failed to carry that burden regarding constructive notice.

Plaintiff also did not demonstrate a genuine issue of material fact regarding defendant's actual notice of the ice. Petros and Bitros testified that they were not aware of the ice before plaintiff fell. Plaintiff's evidence in support of actual notice consists of her deposition testimony that she gained the impression from their statements that Petros and Bitros were already aware of the ice when she fell, yet she admitted that neither employee ever specifically acknowledged the ice or otherwise explicitly communicated that they were already aware of the hazard. Indeed, plaintiff stated that she "knew" that an employee knew about the ice strictly from the employee's

---

[5] Defendant challenges Cygan's qualification as an expert. We find it unnecessary to decide this issue; further, defendant does not explain why Cygan would need to be qualified in meteorology, rather than as a professional engineer in the field of safety engineering, to opine in the manner that he did.

pledge "to take care of it," and that the employee's statements were "[a]s if they knew [the ice] was there."

At best, the statements referred to by plaintiff only indicate that the employee told plaintiff that she would take care of the ice once plaintiff had made her aware of it. The employee's statements do not support the inference that the employee had prior knowledge of the hazard. Plaintiff variously testified that an employee told her that she "was going to handle it," "would get to it," "was going to get to it," "that they hadn't got [sic] to it" and "would take care of it." None of these statements, viewed in the light most favorable to plaintiff, individually or in their totality establish a genuine issue of material fact regarding the employee's knowledge of the ice *before* plaintiff's fall. At best, they provide a factual basis for how plaintiff arrived at the *belief* that the employee knew about the ice before her fall. Plaintiff's subjective belief based on one of many possible inferences from the employee's statements is not sufficient evidence to survive summary disposition. To conclude otherwise would be nothing more than plausible conjecture and subjective belief, neither of which is sufficient to establish a question of fact to withstand summary disposition. *Marsh v Dep't of Civil Service*, 173 Mich App 72, 81; 433 NW2d 820 (1988); *Libralter Plastics, Inc v Chubb Group of Ins Cos*, 199 Mich App 482, 486; 502 NW2d 742 (1993). Therefore, plaintiff has not carried her burden of showing that a genuine issue of material fact exists regarding actual notice.[6]

In summary, we hold that plaintiff failed to demonstrate a genuine issue of material fact regarding defendant's constructive notice of the ice, *Lowrey*, 500 Mich at 9-10, 12-13, or actual notice of the ice, *Marsh*, 173 Mich App at 81; *Libralter Plastics*, 199 Mich App at 486.[7] We therefore reverse the trial court's denial of summary disposition and remand for entry of an order granting summary disposition in favor of defendant. We do not retain jurisdiction.

/s/ Mark T. Boonstra

---

[6] Both parties at various times attack the credibility of the other's witnesses. We decline to weigh their respective credibility. This Court may not resolve factual disputes or evaluate witness credibility when reviewing a motion for summary disposition; nor may a trial court do so in the first instance at the summary disposition stage of the proceedings. See *White v Taylor Distributing Co, Inc*, 275 Mich App 615, 624-625; 739 NW2d 132 (2007).

[7] Because we reverse on the issue of defendant's constructive or actual notice, we need not reach the trial court's determination regarding whether the hazard was open and obvious.