*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

REBECCA KASPRYK,

Plaintiff-Appellant,

v

GENERAL MOTORS CORPORATION LLC,
TERRY PFAFF, THOMAS KENDRICK, WADE
FINNEY, JOE ROCKEL, DREW VARGO, and
CHRIS TEAGAN,

Defendants-Appellees.

UNPUBLISHED
May 26, 2022

No. 356795
Wayne Circuit Court
LC No. 2020-005543-CD

Before: GLEICHER, C.J., and K. F. KELLY and PATEL, JJ.

PER CURIAM.

Granting summary disposition based on MCR 2.116(C)(8) is only appropriate "when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). Plaintiff Rebecca Kaspryk argues that the trial court erred in dismissing her complaint pre-answer and without giving her the opportunity to amend. We agree. Most of Kaspryk's claims meet the low "notice pleading" threshold under (C)(8). And for the defamation claim, which requires specific pleading, amendment would have been in the interest of justice. For the reasons stated below, we affirm in part, reverse in part, and remand for further proceedings.

## I. BACKGROUND

Because this appeal arises from a dismissal under MCR 2.116(C)(8), the facts are presented as stated in Kaspryk's complaint. Kaspryk was employed by defendant General Motors, LLC as a "Quality/Damage Packaging Supervisor, General Motors Customer Care and After Sales" from October 2015 to September 2019. She was terminated in September 2019. Defendants Terry Pfaff, Thomas Kendrick, Wade Finney, Joe Rockel, Drew Vargo, and Chris Teagan were Kaspryk's supervisors and/or decisionmakers involved with her termination.

Kaspryk asserts that she was a top performer and received multiple awards and bonuses during her tenure at General Motors. She contends that defendants attempted to discredit her and

-1-

to force her termination by allegedly publishing defamatory statements suggesting that Kaspryk fraudulently presented false information to management. These false and defamatory statements were allegedly made to keep Kaspryk, a 54-year old woman, from job-advancement and promotion and were motivated by sex, age, and physical/medical condition discrimination. Kaspryk complained to management about the defamatory statements. She maintains that her complaints were ignored and, instead, she was fired in retaliation and replaced by a younger male.

Kaspryk filed suit based on her wrongful termination alleging: (a) "intentional and disparate treatment and sex discrimination and retaliation[,]" (b) "sex harassment[,]" (c) "age discrimination, intentional, disparate, and retaliation[,]" (d) "retaliation for seeking rights under the workers [sic] compensation act[,]" (e) defamation, (f) "negligent and intentional infliction of emotional distress[,]" and (g) "intentional and/or negligent interference with contractual relations and/or a business interest, relationship, or expectancy[.]" At the behest of defense counsel to cure a misnomer of a named party, she filed an amended complaint pleading the same allegations.

In lieu of filing an answer, defendants filed a motion for summary disposition under MCR 2.116(C)(8). After briefing by the parties, but without oral argument, the trial court issued a written opinion and order granting defendants' motion under (C)(8) and dismissing the entirety of plaintiff's complaint. The trial court denied plaintiff's motion for reconsideration wherein she requested leave to amend.

## II.  ANALYSIS

Plaintiff argues that the trial court erred by dismissing her action on a pre-answer motion for summary disposition and without an opportunity to amend. We agree.

### A.  STANDARD OF REVIEW

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil*, 504 Mich at 159. "A motion under MCR 2.116(C)(8) tests the *legal sufficiency* of a claim based on the factual allegations in the complaint." *Id.* (emphasis in original). "When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone." *Id.* at 160. "A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id.*

### B.  LEGAL STANDARD

Because the trial court granted defendants summary disposition solely under subrule (C)(8), we examine the pleaded allegations pertaining to each of the asserted torts. Well-established principles guide our review. "Michigan is a notice-pleading state." *Johnson v QFD*, Inc., 292 Mich App 359, 368; 807 NW2d 719 (2011). "A complaint must contain a statement of the facts, without repetition, on which the pleader relies in stating the cause of action, with the specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend." *Dalley v Dykema Gossett*, 287 Mich App 296, 305; 788 NW2d 679, 686 (2010) (quotation marks and citations omitted). "[T]he primary function of a pleading in Michigan is to give notice of the nature of the claim or defense sufficient to permit the opposite party to take a responsive position." *Stanke v State Farm Mut Auto Ins Co*, 200 Mich App

307, 317; 503 NW2d 758 (1993), citing 1 Martin, Dean & Webster, Michigan Court Rules Practice, p. 186. "[I]t is well settled that we will look beyond mere procedural labels and read the complaint as a whole when ascertaining the exact nature of a plaintiff's claims." *Johnson*, 292 Mich App at 368.

"If a court grants summary disposition pursuant to MCR 2.116(C)(8) . . . the court must give the parties an opportunity to amend their pleadings pursuant to MCR 2.118, unless the amendment would be futile." *Weymers v Khera*, 454 Mich 639, 658; 563 NW2d 647, 657 (1997), citing MCR 2.116(I)(5). "Leave [to amend] shall be freely given when justice so requires." MCR 2.118(A)(2). See also *Michigan Head & Spine Inst, PC v Michigan Assigned Claims Plan*, 331 Mich App 262, 277; 951 NW2d 731, 741 (2019) (it is an abuse of discretion to deny leave to amend where amendment would not be futile and is in the interest of justice).

## C. PLAINTIFF'S ELLIOT-LARSEN CIVIL RIGHTS ACT CLAIMS

Counts I – III of Kaspryk's amended complaint alleges claims of sex and age-based discrimination, sexual harassment, and retaliation stemming from violation of the Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq*. Kaspryk argues that the trial court erred by dismissing these claims under MCR 2.116(C)(8). We agree.

## 1. DISCRIMINATORY TREATMENT BASED ON SEX AND AGE

MCL 37.2202(1)(a) provides that an employer "shall not" "[f]ail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion, race, color, national origin, age, sex, height, weight, or marital status." "The ultimate question in an employment discrimination case is whether the plaintiff was the victim of intentional discrimination." *Hecht v Natl Heritage Acads, Inc*, 499 Mich 586, 606; 886 NW2d 135 (2016) (quotation marks omitted).

"Proof of discriminatory treatment in violation of the CRA may be established by direct evidence or by indirect or circumstantial evidence." *Sniecinski v Blue Cross & Blue Shield of Michigan*, 469 Mich 124, 132; 666 NW2d 186 (2003). "In cases involving direct evidence of discrimination, a plaintiff may prove unlawful discrimination in the same manner as a plaintiff would prove any other civil case." *Id*. "Direct evidence," in the context of a CRA claim, is "evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Hazle v Ford Motor Co*, 464 Mich 456, 462, 628 NW2d 515 (2001) (quotation marks and citation omitted).

In a case where direct evidence is lacking, a plaintiff can establish a prima facie case of age discrimination by proving that "(1) she was a member of the protected class; (2) she suffered an adverse employment action; (3) she was qualified for the position; and (4) she was replaced by a younger person." *Lytle v Malady (On Rehearing)*, 458 Mich 153, 177; 579 NW2d 906 (1998) (opinion by WEAVER, J.) (citation omitted). "When there is no direct evidence of sex discrimination, a plaintiff must establish a prima facie case by proving that she was a member of a class entitled to protection under the statute and that, for the same or similar conduct, she was treated differently than a man." *Major v Vill of Newberry*, 316 Mich App 527, 541; 892 NW2d

402 (2016) "The crux of a sex discrimination case is that similarly situated persons have been treated differently because of their sex." *Marsh v Dept of Civil Serv (After Remand)*, 173 Mich App 72, 79; 433 NW2d 820 (1988).

Kaspryk has sufficiently pleaded sex and age-based discrimination claims under the CRA in Counts I and III of her amended complaint. In Count I of her complaint, "Intentional and Disparate Treatment and Sex Discrimination and Retaliation," Kaspryk pleaded, in relevant part, that female employees: were subject to intentional discrimination based on sex; were disparately treated in their terms and conditions of employment; were not promoted and suffered from disparities in pay, benefits, and duties based on sex; and that Kaspryk was discharged because of discrimination based on her sex. She further pleaded that she was not properly compensated, her complaints of discrimination were ignored, she was retaliated against because of her sex, and ultimately terminated and replaced by a younger man. In Count III, Kaspryk pleaded analogous allegations based on age discrimination.

The trial court granted summary disposition of these claims on the basis that the amended complaint failed to present evidence that put defendants on notice of the nature of the claims they need to defend against. The trial court acknowledged that Kaspryk identified her age and sex and pleaded that discrimination based on age and sex were the reasons she was terminated. The court, however, found these allegations insufficient. We disagree.

Kaspryk's allegations are sufficient because they put defendants on notice of the nature of the claims against them. "While the lack of an allegation can be fatal under MCR 2.116(C)(8), the lack of *evidence* in support of the allegation cannot." *El-Khalil*, 504 Mich at 162 (emphasis added). Plaintiff alleged that she was fired as a result of discrimination based on age and sex. As our Supreme Court recognized for allegations in support of CRA claims, "[t]hat is enough to withstand challenge under MCR 2.116(C)(8)." *El-Khalil*, 504 Mich at 162.

## 2. SEXUAL HARASSMENT

"In pursuit of equality in the workplace, the [CRA] broadly defines sexual discrimination to include sexual harassment[.]" *Radtke v Everett*, 442 Mich 368, 379-380; 501 NW2d 155 (1993). MCL 37.2103(i) of the CRA provides, in relevant part:

Discrimination because of sex includes sexual harassment. Sexual harassment means unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or communication of a sexual nature under the following conditions:

(*i*) Submission to the conduct or communication is made a term or condition either explicitly or implicitly to obtain employment . . . .

(*ii*) Submission to or rejection of the conduct or communication by an individual is used as a factor in decisions affecting the individual's employment . . . .

(*iii*) The conduct or communication has the purpose or effect of substantially interfering with an individual's employment . . . or

creating an intimidating, hostile, or offensive employment . . . environment.

"The first two subdivisions of MCL 37.2103(i) describe quid pro quo sexual harassment, while the third subdivision refers to hostile-environment sexual harassment." *Hamed v Wayne Co*, 490 Mich 1, 9-10; 803 NW2d 237 (2011).

Kaspryk only alleges that she was subject to hostile work environment sexual harassment. Thus, only §2103(i)(iii) is applicable to her hostile work environment sexual harassment claim.

The trial court found that defendants were entitled to summary disposition under MCR 2.116(C)(8) because, although Kaspryk pleaded that defendants created a hostile and abusive environment based on sex, her amended complaint failed to allege specific factual support. We disagree.

Kaspryk sufficiently pleaded a claim for sexual harassment under the notice pleading standard. She alleged: "Defendants created a hostile and abusive work environment based on sex" and subjected her to "unwelcome comments and conduct of an offensive and sexual nature directed at plaintiff and the creation of a hostile work environment." Defendants thus know the nature of the claim that they need to defend against—hostile work environment based on sexual harassment. These allegations are sufficient to withstand a challenge under MCR 2.116(C)(8). *El-Khalil*, 504 Mich at 162. The trial court's ruling that factual support was required is simply inconsistent with the pleading standards incorporated within the court rule.

## D. PLAINTIFF'S RETALIATION CLAIM UNDER THE WDCA

Counts IV of the amended complaint alleges a claim for retaliatory discharge under MCL 418.301(13), a part of the Worker's Disability Compensation Act (WDCA). Kaspryk claims defendants retaliated against her "for seeking rights (needed medical care/treatment for work related conditions) under the Michigan Workers Disability Act [sic]." The trial court held that these allegations were insufficient to state a claim under MCR 2.116(C)(8). Again, we disagree.

This Court has held that a "plaintiff ha[s] a right to seek medical consultation concerning his employment-related injury" under the WDCA. *Cuddington v United Health Services, Inc*, 298 Mich App 264, 271; 826 NW2d 519 (2012). In order to plead a claim for retaliation, a plaintiff must allege that that he or she exercised a right protected under the WDCA by seeking medical treatment for a work-related injury and that defendants violated the Act by retaliating. *Id*. Kaspryk alleged just that.

Contrary to the trial court's holding, Kaspryk was not required to plead specific facts or establish that she was fired for seeking medical treatment. "Because MCL 418.301(13) contemplates that an employee may pursue a retaliation claim arising from the exercise of this right, the trial court improperly granted summary disposition to defendant. Whether retaliation actually played a role in defendant's decision to terminate plaintiff's employment presents a factual question subject to further development on remand[.]" *Id*. The trial court erred in dismissing the retaliation claim under MCR 2.116(C)(8).

## E. DEFAMATION

The trial court held that Kaspryk failed to plead her defamation claim with sufficient specificity. We agree. But because this case is at the inception of litigation and amendment would not be futile, the trial court was required to give Kaspryk an opportunity to amend her complaint instead of dismissing the claim under MCR 2.116(C)(8). Because the court erred by denying Kaspryk's request to amend her complaint, we reverse and remand for an opportunity to do so.

In Michigan, a defamation claim requires proof of four elements: "(1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication." *Sarkar v Doe*, 318 Mich App 156, 178; 897 NW2d 207 (2016). "A plaintiff claiming defamation must plead a defamation claim with specificity by identifying the exact language that the plaintiff alleges to be defamatory." *Thomas M Cooley Law Sch v Doe 1*, 300 Mich App 245, 262; 833 NW2d 331, 341 (2013).

In this case, Kaspryk failed to identify the allegedly defamatory language at issue. But the trial court was required to give an opportunity to amend. "MCR 2.116(I)(5) requires that if summary disposition is appropriate under MCR 2.116(C)(8), as is the case here, plaintiffs shall be given the opportunity to amend their pleadings, unless the amendment would be futile." *Ghanam v Does*, 303 Mich App 522, 543; 845 NW2d 128 (2014), citing *Weymers*, 454 Mich at 658. Kaspryk has not yet had an opportunity to identify the statements she claims are defamatory and so it is impossible to make an assessment regarding whether the amendment would be futile. Under these circumstances, Kaspryk is entitled to an opportunity amend her complaint.

## F. NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Kaspryk argues that the trial court erred by dismissing her claim for intentional infliction of emotional distress (IIED). We agree.

"To establish a claim of intentional infliction of emotional distress, a plaintiff must prove the following elements: (1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress." *Hayley v Allstate Ins Co*, 262 Mich App 571, 577; 686 NW2d 273 (2004) (quotation marks and citation omitted). "Liability attaches only when a plaintiff can demonstrate that the defendant's conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Lewis v LeGrow*, 258 Mich App 175, 196; 670 NW2d 675 (2003) (quotation marks and citation omitted). "Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Doe v Mills*, 212 Mich App 73, 91; 536 NW2d 824 (1995). The test is whether "the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!' " *Roberts v Auto-Owners Ins Co*, 422 Mich 594, 603; 374 NW2d 905 (1985) (quotation marks and citation omitted).

The amended complaint alleges that defendants' intentional conduct was extreme and outrageous and caused Kaspryk severe emotional distress. While these allegations do not describe

the conduct at-issue with specificity, they do allege that the conduct was extreme and outrageous. That is sufficient to allege a claim for IIED under the notice pleading standard, and we reverse the dismissal of the IIED claim.

The trial court, however, did not err in dismissing Kaspryk's claim for negligent infliction of emotional distress and we affirm the dismissal of this claim.

A plaintiff may recover for negligent infliction of emotional distress, as a bystander, when (1) the injury threatened or inflicted on the third person is a serious one, of a nature to cause severe mental disturbance to the plaintiff; (2) the shock results in actual physical harm; (3) the plaintiff is a member of the third person's immediate family; and (4) the plaintiff is present at the time of the accident or suffers shock "fairly contemporaneous" with the accident. *Wargelin v Sisters of Mercy Health Corp*, 149 Mich App 75, 81; 385 NW2d 732 (1986). Subsequent to the decision in *Wargelin*, this Court expressly declined to extend "the tort of negligent infliction of emotional distress beyond the situation where a plaintiff witnesses negligent injury to a third person and suffers mental disturbance as a result." *Duran v Detroit News, Inc*, 200 Mich App 622, 629; 504 NW2d 715 (1993).

Kaspryk did not allege that she witnessed a family member being threatened or inflicted with injury. The allegations are legally insufficient to state a claim under MCR 2.116(C)(8) and we affirm the trial court's dismissal of this claim.

## G. TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP OR EXPECTANCY

Kaspryk lastly disputes the trial court's grant of summary disposition in defendants' favor concerning her claim for tortious interference with a business relationship or expectancy.

The elements of tortious interference with a business relationship are the existence of a valid business relationship or expectancy, knowledge of the relationship or expectancy on the part of the defendant, an intentional interference by the defendant inducing or causing a breach or termination of the relationship or expectancy, and resultant damage to the plaintiff. *BPS Clinical Labs v Blue Cross & Blue Shield of Michigan*, 217 Mich App 687, 698–699; 552 NW2d 919 (1996).

To fulfill the third element, intentional interference inducing or causing a breach of a business relationship, a plaintiff must demonstrate that the defendant acted both intentionally and either improperly or without justification. *Bonelli v Volkswagen of Am, Inc*, 166 Mich App 483, 498; 421 NW2d 213 (1988). To establish that a defendant's conduct lacked justification and showed malice, "the plaintiff must demonstrate, with specificity, affirmative acts by the defendant that corroborate the improper motive of the interference." *BPS Clinical Laboratories*, 217 Mich App at 699. "Where the defendant's actions were motivated by legitimate business reasons, its actions would not constitute improper motive or interference." *Id*.

Plaintiff's amended complaint asserts that defendants knew or should have known that their illegal conduct interfered with plaintiff's contractual or business relationship with her employer, General Motors. These allegations set forth a claim for tortious interference with a business relationship. "[I]n order to succeed under a claim of tortious interference with a business

relationship, the plaintiffs must allege that the interferer did something illegal, unethical or fraudulent." *Early Detection Ctr, PC, v New York Life Ins Co*, 157 Mich App 618, 631; 403 NW2d 830 (1986) (citation omitted). While the amended complaint is not pleaded with specificity on this count, it does allege that defendants, by making defamatory and untruthful comments about plaintiff, illegally interfered with her business relationship with her employer. These allegations are sufficient to put defendants on notice of the claim that they are asked to defend against and, thus, are legally sufficient under Michigan's notice pleading standard.

We reverse the dismissal of the tortious interference with a business relationship claim.

## III. CONCLUSION

We affirm the trial court's dismissal of Kaspryk's negligent infliction of emotional distress claim. But we reverse the trial court's dismissal of her claims for sexual discrimination, hostile work environment sexual harassment, age discrimination, retaliation under WDCA, defamation, IIED, and tortious interference with a business relationship or expectancy. Kaspryk is also entitled to an opportunity to amend her defamation claim. We remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Sima G. Patel